UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFAYETTE AMIE,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. EDCV 13-1933-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On October 31, 2013, Lafayette Amie ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on February 3, 2014. On May 29, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 41-year-old male who applied for Supplemental Security Income benefits on August 20, 2008. (AR 12.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 20, 2008, the alleged onset date. (AR 15.)

Plaintiff's claim was denied initially on April 30, 2009 and on reconsideration on January 5, 2010. (AR 13.) Plaintiff filed a timely request for hearing, which was held before ALJ Teresa L. Hoskins Hart on April 17, 2012, via video teleconference in Orange, California.[1] (AR 13.) Claimant appeared and testified at the hearing and was represented by counsel who presided from San Jose, California. (AR 13.) Vocational expert ("VE") James C. Westman also appeared and testified at the hearing. (AR 13.)

The ALJ issued an unfavorable decision on May 21, 2012. (AR 12-24.) The Appeals Council denied review on September 13, 2013.[2] (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

---

[1] Claimant's first hearing appearance on December 29, 2010, was postponed to permit the submission of new documentary medical evidence in support of his claim for disability. When rescheduled and held on October 18, 2011, there was a technical failure to record the hearing proceedings. Hence, on April 17, 2012, another hearing was held where Claimant appeared for the rescheduled video-teleconference hearing. (AR 13.)

[2] In prior related claims, Plaintiff filed applications for Social Security Disability benefits and Supplemental Security Income benefits, including on February 23, 2005, which were denied initially on May 13, 2005, on reconsideration on October 25, 2005 and in an unfavorable hearing decision issued by Administrative Law Judge ("ALJ") John Kays on May 22, 2007. Claimant then filed a Title II application on January 9, 2008, which was denied by the Administration on March 18, 2008. Claimant has amended his alleged disability onset date to August 20, 2008, the current application date for Supplemental Security Income, effectively acknowledging that there is no basis for reopening any of the prior determinations or unfavorable decisions. They therefore remain "in force" pursuant to res judicata (20 C.F.R. §§ 404.987 et seq. and 416.1487 et seq.) (AR 12.)

1. Whether the ALJ properly developed the record and properly considered Plaintiff's treating physicians' opinions and the consultative examiner's opinion.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A),

1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.

Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since August 20, 2008, the application date. (AR 15.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: chronic right shoulder/upper extremity pain by history with "mild" supraspinatus tendinosis, possible bicipital tenosynovitis, and a "tiny" amount of bursal fluid confirmed by MRI; mild to moderate foraminal narrowing of the cervical spine on MRI; and opioid and marijuana dependence (in addition to prescribed narcotic use). (AR 15-17.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 17-18.)

The ALJ then found that Plaintiff has the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c) with the following limitations:

> . . . inability to more than frequently balance, kneel, stoop, crouch, and crawl and the inability to more than occasional climb, and with no overhead reaching for the right upper extremity. Further, the claimant has a moderate limitation for understanding, remembering and carrying out detailed instructions. "Moderate" limitation is defined as there is more than a slight impairment in this area, but the individual is still able to function satisfactorily (Form HA-1152-U3).

(AR 18-23.) In determining this RFC, the ALJ made an adverse credibility determination (AR 23) that is not challenged here.

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a delivery driver, mail sorter, forklift operator, and machine operator. (AR 23-37.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 24.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence on an adequate record. The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I.    THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

There was a prior related case that resulted in an unfavorable decision for Plaintiff on May 22, 2007 that is not challenged here. (AR 12.) Claimant was found not disabled because he was found capable of performing his past relevant work as a mail sorter. (AR 12.) The prior decision creates a rebuttable presumption of continuing nondisability as to the unadjudicated period after the August 20, 2008 alleged onset date. Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988); Acquiescence Ruling AR 97-4; (AR 12, 19, 21). To rebut this presumption, plaintiff must show "changed circumstances" material to the determination of disability. (AR 12.) If the presumption is not rebutted, res judicata will apply.³

As the Ninth Circuit has explained, however, the Chavez presumption does not preclude a subsequent ALJ from considering new medical information and updating or revising a claimant's RFC. Alekseyevets v. Colvin, 524 Fed. App. 341, 344 (9th Cir.

---

   ³ Plaintiff does not contest the application of Chavez except to note that a screening guide completed by DDS physicians indicated Chavez does not apply. (AR 231.) The ALJ is not bound by DDS' assessment of what is plainly a legal issue and Plaintiff presents no authority otherwise nor any other analysis to contest application of Chavez. There is no legal basis for contesting the ALJ's reliance on Chavez.

2013); Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173 (9th Cir. 2008). Here, Claimant reported new conditions and impairments, including chronic regional pain syndrome, neck pain, lower back pain, knee pain, severe migraine headaches, chronic fatigue and side effects from medication that are alleged to be worsening in severity. (AR 12.) The ALJ, however, reviewed the medical evidence and concluded that the only new medically determinable impairment is opioid dependence (AR 19) and that there was insufficient evidence of an objective increase in medical pathology that would represent significant "changed circumstances." (AR 21.) The ALJ therefore adopted the medium RFC of the prior related decision, with the sole addition of a moderate limitation in the ability to understand, remember and carry out detailed instructions as a consequence of Claimant's opioid dependence. (AR 21.)

Plaintiff contends that the ALJ improperly considered the medical evidence determining whether there are changed circumstances and in assessing Claimant's RFC. Plaintiff also alleges the ALJ failed to develop the record adequately. The Court disagrees with both contentions.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d

821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### B. Analysis Of Medical Evidence

The ALJ thoroughly reviewed the medical evidence in finding insufficiently changed circumstances to rebut the Chavez presumption of nondisability. (AR 12, 19-23.) Independent of the Chavez presumption, the ALJ reasonably relied on the April 10, 2009 opinion of consulting internist, Dr. Fariba Vesali. (AR 15.) Plaintiff complained to Dr. Vesali of constant headaches and right side body pain since he was born but Dr. Vesali did not find Plaintiff to be a good historian. (AR 15, 390.) Dr. Vesali observed that Claimant had no difficulties getting on or off the exam table, walked with a normal gait and no cane and he displayed normal sensory reflexes in all four extremities. (AR 16.) Dr. Vesali reported impressions of body ache, right shoulder decreased range of motion, possible rotator cuff syndrome and migraine headache but emphasized, "I feel the condition will not impose any limitations for 12 continuous months." (AR 16, 393.) Plaintiff contends that Dr. Vesali's assessment was inaccurate because he continues to be treated more than 12 months after Dr. Vesali suggested. This contention, however, ignores that Plaintiff claimed disabling pain before Dr. Vesali's 2009 opinion yet was found not disabled twice before his current application. Dr. Vesali's opinion is substantial evidence supporting the ALJ's RFC for a reduced range of medium exertion work. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Plaintiff cites the opinions of Dr. Ralls and Dr. Weng limiting him to less than sedentary work but only to assert that these opinions created an ambiguous record. The ALJ specifically rejected the opinions of Dr. Ralls and Dr. Weng (AR 20) and Plaintiff does not contest that the ALJ did so for specific legitimate reasons.

Plaintiff's principal argument is that the ALJ improperly rejected the opinion of Dr. Bryan X. Lee, a pain medicine specialist Plaintiff saw on November 8, 2010. (AR 16.) The ALJ recounted that Claimant complained to Dr. Lee that he had suffered right-sided body pain since 1996 which could be made better by nothing. (AR 17.) Dr. Lee, however, found negative straight-leg raising, normal and equal muscle tone in all four extremities, normal sensory reflexes and full motor strength in all four extremities. (AR

17.) Throughout 2011, Dr. Lee continued to report similar findings, including "grossly normal neurological signs" in August, September, October, and December, 2011 and an "essentially normal physical examination" in December 2011. (AR 17.) The only new objective medical finding was that drug testing indicated that Plaintiff tested positive for marijuana and codeine. (AR 17.)

Nonetheless, Dr. Lee submitted several extremely restricted "less than sedentary" assessment forms on Claimant's behalf. (AR 20-21.) The ALJ gave no weight to Dr. Lee's opinion because his assessment is "markedly inconsistent" with his own treatment notes which contain no objective medical findings to support the assessment. This was a specific, legitimate reason to reject his opinion. Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (ALJ may reject a treating physician's opinion that is inconsistent with or unsupported by his or her treatment notes); Bayliss, 427 F.3d at 1216 (ALJ may reject treating physician's opinion when his notes contradict his assessment of a claimant's capabilities).

The ALJ also referenced Dr. Vesali's examination that Claimant had "muscular upper/lower extremities," which is contrary to the muscle atrophy one would expect after years of chronic pain of the severity alleged. (AR 21.) Dr. Lee himself found that Claimant maintained full muscle motor strength in all extremities. (AR 21.) Thus, the ALJ found no objective medical support for Dr. Lee's assessment that Claimant should be restricted to lifting and carrying less than 10 pounds. (AR 21); see Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may reject a physician's opinion that is inadequately supported by medical evidence).

The ALJ also properly rejected Dr. Lee's opinion because it was inconsistent with Claimant's own reported activities. For example, Dr. Lee opined that Claimant could not sit or stand longer than 15 minutes. Yet Claimant reported driving his four children to school on a regular basis and even coaching his son's baseball team for two seasons during the relevant period. (AR 21.) An ALJ may reject a treating physician's opinion

10

where a claimant's own testimony contradicts the physician's opinion. Magallanes, 881 F.2d at 751-55.

Additionally, the ALJ also found that Dr. Lee inappropriately listed the Claimant's reported 10 on a scale of 10 pain as an objective sign and a clinical finding even though subjective complaints of pain are not objective signs and clinical laboratory findings. (AR 21.) The ALJ discounted Plaintiff's credibility (AR 21-23), a finding that Plaintiff does not contest. An ALJ may disregard a physician's opinion based on subjective complaints that have been properly disregarded. Tonapetyan, 242 F.3d at 1149; Andrews, 53 F.3d at 1043.

Plaintiff asserts that the ALJ erred because she did not state which specific statements from Dr. Lee she accepted or rejected. This is plainly not true. As noted above, the ALJ specifically rejected Dr. Lee's sedentary RFC, his restriction to lifting and carrying no more than 10 pounds, his restriction of sitting or standing no more than 15 minutes and his assessment of multiple morbidities and inability to perform gainful employment. (AR 21.) Plaintiff also contends that the ALJ erred by failing to mention Dr. Lee's October 2011 letter. That letter consisted of but 2 sentences and noted that Claimant's pain persists as earlier noted in an RFC assessment dated 12/9/10. Yet the ALJ specifically rejected Dr. Lee's less than sedentary assessments, including the December 9, 2010 assessment reiterated in the October 2011 letter. (AR 20, 555.) Because the October 2011 letter contained no new limitations and was simply cumulative, the ALJ was not required to mention it specifically or to repeat her explanation for rejecting it. See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ not required to discuss all evidence but must explain why probative evidence was rejected). The ALJ rejected the opinion of Dr. Lee for specific, legitimate reasons supported by substantial evidence.

The ALJ properly considered the medical evidence. Plaintiff disagrees with the ALJ's interpretation of the medical evidence but the ALJ is the one responsible for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's

interpretation is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's RFC is supported by substantial evidence.

### C. The Record Was Properly Developed

Plaintiff contends that the ALJ failed to fully develop the record. More specifically, Plaintiff contends that Dr. Vesali's 2009 opinion was too remote in time by the time of the hearing in 2012 and the ALJ should have ordered a more up-to-date consulting examination, especially in view of Dr. Lee's opinions. The ALJ does have a duty to develop the record fully and fairly, Tonapetyan, 242 F.3d at 1150, but the duty to conduct further inquiry is triggered only when the evidence is ambiguous or the record is inadequate to allow proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). Plaintiff asserts that the evidence is ambiguous because of conflicting assessments by Dr. Lee, Dr. Ralls, Dr. Weng and Dr. Vesali but the ALJ has the responsibility for resolving conflicts in the medical evidence and ambiguities in the record, Andrews, 53 F.3d at 1039, and the ALJ did so. The ALJ rejected the opinions of Dr. Lee, Dr. Ralls and Dr. Weng.

Nor was the record inadequate for evaluation of Plaintiff's claim. The ALJ specifically invoked the Chavez presumption of disability (AR 19, 21) which it was Plaintiff's burden to overcome and the 2009 opinion of Dr. Vesali. (AR 21.) Plaintiff's argument that Dr. Vesali's opinion is not recent is answered by the ALJ's repeated citation to the normal physical examination findings of Dr. Lee in 2010 and 2011.

The ALJ did not have a duty to develop the record further. Indeed, Plaintiff's counsel at the hearing conceded that the record is complete. (AR 119, 152.)

\* \* \*

The ALJ properly considered the medical evidence on an adequate record. The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability decision is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: June 30, 2014

          */s/ John E. McDermott*
          JOHN E. MCDERMOTT
          UNITED STATES MAGISTRATE JUDGE